Filed 5/3/16  P. v. Gaye CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BERNIE GAYE,<br><br>    Defendant and Appellant. | B266622<br><br>(Los Angeles County<br>Super. Ct. No. BA434000) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Leslie A. Swain, Judge.  Affirmed.

California Appellate Project, Jonathan Steiner, Executive Director, and Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information, filed on March 23, 2015, charged appellant Bernie Gaye with threatening to commit a crime which would result in death or great bodily harm to another person, in violation of Penal Code section 422, subdivision (a).[1]  The information further alleged that Gaye had previously been convicted of a strike offense (§§ 667, subds. (b)-(j), 1170.12) and a serious felony.  (§§ 667, subd. (a)(1), 1192.7, subd. (c).)

At trial, George Marroquin, a bicycle patrol employee for the Downtown Center Business Improvement District in Los Angeles, testified that Gaye reached into his backpack, pulled out an object that appeared to be a gun, and mimed firing it at Marroquin.  A few minutes later, Marroquin again encountered Gaye.  Marroquin asked whether Gaye had a gun, and Gaye said, " 'Your bulletproof vest is not shit.  Two shots to your head is all I need.  I have homies that can shoot you.  I'm 40 years old.  You're just a boy.' "  Marroquin, who does not carry a gun while on the job, testified that he felt afraid and left the scene as quickly as possible.

The jury found Gaye guilty.  Gaye admitted the prior conviction.  The trial court granted Gaye's motion to strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and sentenced him to seven years in prison. Gaye's sentence consisted of two years, the midterm for violating section 422, subdivision (a), plus five years as an enhancement for his prior conviction pursuant to section 667, subdivision (a)(1).

We appointed counsel to represent Gaye in the matter.  After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  On November 23, 2015, we sent a letter to Gaye and to counsel.  In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Gaye and informed him that he had 30 days to submit by letter or brief any ground of

---

[1]  Unless otherwise specified, subsequent statutory references are to the Penal Code.

2

appeal, contention or argument he wished us to consider. We did not receive a response from him.

We have reviewed the entire record on appeal. Substantial evidence shows that Gaye willfully threatened to kill Marroquin, that he specifically intended his statement to be taken as a threat, and that as a consequence, Marroquin reasonably feared that his own life was in immediate danger. Thus, there was sufficient evidence to support Gaye's conviction for violating section 422, subdivision (a). (*People v. Johnson* (1980) 26 Cal.3d 557, 578 [substantial evidence is that which is "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt"].) We are satisfied that Gaye's counsel have fully complied with their responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


JOHNSON, J.


3